# EXHIBIT 1

ELECTRONICALLY FILED - 2024 Sep 13 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO.: 2024-CP-10-__________ |
| Karen M. Wyand, individually and as Executor of the Estate of Terry L. Wyand, ) | |
| Plaintiffs, ) | **SUMMONS** |
| vs. ) | |
| Airbnb, Inc.; Vacasa South Carolina LLC; Judith C. Powell and Elizabeth Baugh, ) | |
| Defendants. ) | |

TO THE DEFENDANTS ABOVE-NAMED:

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the South Carolina Rules of Civil Procedure. The answer or motion must be served on the plaintiffs attorney at the address shown below. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

URICCHIO, HOWE, KRELL, JACOBSON, TOPOREK, & KEITH, P.A.

s/ Jonathan F. Krell
Jonathan F. Krell, Bar No. 16691
Jeff Buncher, Jr., Bar No. 78890
17 ½ Broad Street – Post Office Box 399
Charleston, South Carolina 29402
Tel: (843) 723-7491; Fax: (843) 577-4179
jonathan@uricchio.com
jeff@uricchio.com
Attorneys for Plaintiff

September 13, 2024
Charleston, South Carolina

ELECTRONICALLY FILED - 2024 Sep 13 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br>CASE NO.: 2024-CP-10-__________ |
| Karen M. Wyand, individually and as Executor of the Estate of Terry L. Wyand,<br>Plaintiffs,<br>vs.<br>Airbnb, Inc.; Vacasa South Carolina LLC; Judith C. Powell and Elizabeth Baugh,<br>Defendants. | **COMPLAINT**<br>Jury Trial Requested |

Plaintiffs, complaining of Defendants, allege and say:

1. Karen M. Wyand is the duly appointed Executor of the Estate of Terry L. Wyand, by order of the Probate Court of Mahoning County, Ohio and is bringing this action pursuant to S.C. Code Ann. §15-51-10 et. seq. (Death by Wrongful Act) for the wrongful death of Terry L. Wyand, for the benefit of his surviving heirs. Karen M. Wyand also brings this action pursuant to S.C. Code Ann. §15-5-90 (Survival Action) for the conscious pain and suffering for the benefit of the Estate of Terry L. Wyand.

2. That Upon information and belief, Defendants Airbnb, Inc.; Vacasa South Carolina LLC; Judith C. Powell and Elizabeth Baugh own, maintain, monitor, inspect, control, lease and/or manage property located at 1607 E. Ashley Avenue on Folly Beach, South Carolina. That the incident giving rise to this action took place in Charleston County, South Carolina.

3. On or about November 27, 2023, Terry L. Wyand was an invited business guest on Defendants' premises at 1607 E. Ashley Avenue as the home had been rented from Defendants for the week of Thanksgiving.

4. On or about November 27, 2023, while Terry L. Wyand was an invitee on Defendants' premises, Terry L. Wyand, suddenly and without warning, fell on the steps leading into the home, thereby causing Terry L. Wyand to injure himself.

5. Due to complications from the injury, Terry L. Wyand subsequently died as a direct and proximate result of Defendants' acts or omissions.

ELECTRONICALLY FILED - 2024 Sep 13 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

6. That the injuries and damages alleged herein were directly and proximately caused by the following negligent, willful, reckless and grossly negligent acts of Defendants, all in violation of the statues and common laws of the State of South Carolina, combining and concurring in:

(a) In failing to properly maintain, repair and/or inspect the steps;
(b) In failing to follow their own policies, procedures, or rules;
(c) In failing to make certain the premises were in a reasonably safe condition;
(d) In failing to follow the applicable building and safety codes and regulations;
(e) In failing to properly hire, train, or supervise their employees, agents or servants;
(f) In failing to guard against the dangerous and hazardous condition of the steps;
(g) In failing to warn against the dangerous and hazardous condition of the steps;
(h) In failing to exercise due care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing;
(i) In otherwise being negligent, reckless and careless; and,
(j) For such other acts and omissions that may become more apparent through the discovery and/or trial of this matter.

7. That as a direct and proximate result of the aforesaid negligent, reckless, willful and grossly negligent acts of Defendants, Terry L. Wyand sustained injuries in and about his body, such injuries being of a severe and debilitating nature and resulting in conscious pain and suffering, mental anguish and premature death of Terry L. Wyand, and Terry L. Wyand left behind family members who have lost the services, security, companionship, comfort and joy of him and have suffered economic and pecuniary loss and have otherwise been damaged by reason of his death in an amount of actual and punitive damages as a jury may award at the trial of this action.

**FOR A SECOND CAUSE OF ACTION**
**(Loss of Consortium)**

8. The above allegations are incorporated herewith.

9. Terry L. Wyand and Karen M. Wyand were husband and wife at the time of the incident described above.

ELECTRONICALLY FILED - 2024 Sep 13 2:28 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

10. Terry L. Wyand's injuries were directly and proximately caused by Defendants' negligence as described above.

11. As a direct and proximate result of the incident and the injuries and death of Terry L. Wyand, Karen M. Wyand has lost her husband's services, society, and companionship.

Wherefore, Plaintiffs pray for judgment against Defendants in an amount of actual and punitive damages to be determined at the trial of this action; for a trial by jury; for the costs and disbursements of this action and for such other and further relief as the Court deems appropriate.

URICCHIO, HOWE, KRELL, JACOBSON,
TOPOREK, & KEITH, P.A.

s/ Jonathan F. Krell
Jonathan F. Krell, Bar No. 16691
Jeff Buncher, Jr., Bar No. 78890
17 ½ Broad Street – Post Office Box 399
Charleston, South Carolina 29402
Tel: (843) 723-7491; Fax: (843) 577-4179
jonathan@uricchio.com
jeff@uricchio.com
Attorneys for Plaintiff

September 13, 2024
Charleston, South Carolina

ELECTRONICALLY FILED - 2024 Nov 07 3:59 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | NINTH JUDICIAL CIRCUIT |
| Karen M. Wyand, individually and as Executor of the Estate of Terry L. Wyand, | ) | Civil Action No.: 2024-CP-10-04601 |
| Plaintiffs, | ) | |
| v. | ) | **DEFENDANT VACASA SOUTH CAROLINA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Airbnb, Inc.; Vacasa South Carolina, LLC; Judith C. Powell and Elizabeth Baugh, | ) | **(Jury Trial Demanded)** |
| Defendants. | ) | |

TO: JONATHAN F. KRELL, ESQUIRE, AND JEFF BUNCHER, JR., ESQUIRE, COUNSEL TO PLAINTIFF:

Defendant Vacasa South Carolina LLC ("Defendant") reserving the right to file a motion under Rules 8, 12, and 56 of the South Carolina Rules of Civil Procedure, or any other dispositive motion, hereby answers the Complaint of Plaintiff Karen M. Wyand, individually and as executor of the estate of Terry L. Wyand ("Plaintiff"), with a general denial by denying each and every allegation and by demanding strict proof thereof.

Defendant further specifically reserves and does not waive all available affirmative defenses and reserves the right to amend this Answer.

WHEREFORE, Defendant prays judgment be entered in its favor and Plaintiff's Complaint be dismissed with costs.

[Signature Page to Follow]

ELECTRONICALLY FILED - 2024 Nov 07 3:59 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

Respectfully submitted,
COLLINS & LACY, P.C.

By: *s/ Kelsey J. Brudvig*
Kelsey J. Brudvig, Esquire
Bar Number: 101680
kbrudvig@collinsandlacy.com
Jacob M. Thompson, III, Esquire
Bar Number: 105399
jthompson@collinsandlacy.com
Post Office Box 12487
Columbia, SC 29211
803.256.2660 (voice)
803.771.4484 (fax)

ATTORNEYS FOR DEFENDANT
VACASA SOUTH CAROLINA, LLC

**DEFENDANT VACASA SOUTH CAROLINA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

November 7, 2024
Columbia, South Carolina

ELECTRONICALLY FILED - 2024 Nov 18 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br>Karen M. Wyand, individually and as Executor of the Estate of Terry L. Wyand,<br><br>Plaintiffs,<br><br>v.<br><br>Airbnb, Inc.; Vacasa South Carolina LLC; Judith C. Powell and Elizabeth Baugh,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>NINTH JUDICIAL CIRCUIT<br>Case No.: 2024CP1004601<br><br>**DEFENDANTS VACASA SOUTH CAROLINA LLC, JUDITH C. POWELL, AND ELIZABETH BAUGH'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Vacasa South Carolina, LLC, Judith C. Powell and Elizabeth Baugh ("Defendants"), by and through undersigned counsel, filed their Answer and Affirmative Defenses to Plaintiff Karen M. Wyand, individually and as Executor of the Estate of Terry L. Wyand's ("Decedent") Complaint as follows. Each and every allegation in Plaintiff's Complaint is denied unless specifically admitted herein.

**FOR A FIRST DEFENSE**

1. The Defendants are without sufficient information to admit or deny the allegations in Paragraph 1 and, therefore, deny the same, with strict proof demanded thereof.

2. In response to the allegations in Paragraph 2, Defendants admit only that Vacasa South Carolina, LLC operates as a Vacation Rental Company, and Judith C. Powell and Elizabeth Baugh own the subject property. The remaining allegations are denied.

3. The allegations in Paragraphs 3-4 state conclusions of law requiring no response. To the extent a response is required, all allegations of wrongful death, negligence, gross negligence, premises liability, loss of consortium, or any liability on behalf of these Defendants are denied.

ELECTRONICALLY FILED - 2024 Nov 18 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

4. Defendants deny the allegations in Paragraph 5.

5. Defendants deny the allegations in Paragraph 6, including subparts (a.) – (j.).

6. Defendants deny the allegations in Paragraph 7.

**AS TO PLAINTIFF'S SECOND CAUSE OF ACTION**
**(Loss of Consortium)**

7. In response to the allegations in Paragraph 8, these Defendants hereby incorporate the foregoing paragraphs by reference as fully restated herein.

8. In response to the allegations in Paragraph 9, these Defendants lack sufficient knowledge, information, or belief to respond and, therefore, deny the same.

9. Defendants deny the allegations in Paragraph 10.

10. Defendants deny the allegations in Paragraph 11.

11. Responding to Plaintiff's WHEREFORE Paragraph, Defendants deny that Plaintiff is entitled to any of the requested relief she seeks against Defendants.

**GENERAL DENIAL**

To the extent an allegation, count, or prayer for relief has not been expressly admitted above, Defendants deny each and every allegation, count, and prayer for relief of Plaintiff, including Plaintiff's WHEREFORE prayer for relief.

**AFFIRMATIVE DEFENSES**

Defendants hereby assert and preserve the following affirmative defenses in bar, in whole or in part, of Plaintiff's claims against them.

**First Affirmative Defense**
**(Failure to State a Claim)**

Defendants hereby state that the allegations in the Complaint fail to state facts sufficient to establish claims on which relief may be granted under the facts, circumstances, and governing law

ELECTRONICALLY FILED - 2024 Nov 18 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

and should therefore be dismissed.

**Second Affirmative Defense**
**(Comparative Negligence)**

Discovery in this action may reveal that Plaintiff's and/or Decedent's injuries, if any, were caused in whole or part by their own negligence. Defendants, therefore, preserve the defense of comparative negligence as a bar to Plaintiff's and Decedent's claims, or in the alternative, any right to recovery by Plaintiff or Decedent's estate, which is denied, should be reduced in proportion to the amounts of Plaintiff's own negligence.

**Third Affirmative Defense**
**(No Duty)**

Plaintiff's claims may be barred against Defendants to the extent it is determined that they owed no duty of care to Plaintiff or Decedent. Defendants therefore preserve the defense of no duty to Plaintiff's claims.

**Fourth Affirmative Defense**
**(No Breach of Legal Duty)**

Plaintiff's claims for negligence cannot stand because Defendants assert that, even if Defendants owed a legal duty with respect to allegations raised in the Complaint, no such duty was breached by any act or omission on part of Defendants. Defendants duly performed, satisfied, and discharged all duties and obligations it may have owed to Plaintiff and/or Decedent.

**Fifth Affirmative Defense**
**(Intervening/Insulating Negligence and Lack of Proximate Causation)**

Discovery in this action may reveal that the injuries and damages of which Plaintiff now complains were proximately caused or contributed to by the negligence and/or other wrongful conduct and/or omissions of third parties over whom Defendants had no control and for whose conduct Defendants are neither responsible nor liable. Such conduct on the part of others was the

ELECTRONICALLY FILED - 2024 Nov 18 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

sole proximate cause of Plaintiff and/or Decedent's damages, if any, so the intervening, superseding, and/or insulating acts of others bar any recovery against Defendants. Defendants further preserve the defense of lack of proximate causation.

**<u>Sixth Affirmative Defense</u>**
**(Failure to Mitigate Damages)**

Discovery in this action may reveal that Plaintiff or Decedent failed to take reasonable steps to mitigate the damages now claimed through this action, and thus Plaintiff and Decedent would be barred from recovering any damages caused, aggravated or enhanced by such failure.

**<u>Seventh Affirmative Defense</u>**
**(Assumption of Risk)**

Discovery in this action may reveal that Plaintiff or Decedent voluntarily assumed a known risk in utilizing the property, which was a proximate cause of the damages she seeks to recover from Defendants. Plaintiff's own assumptions of risks both proximately and directly caused the damages which he seeks through her Complaint, and thus bar her recovery thereof.

**<u>Eighth Affirmative Defense</u>**
**(Equitable Defenses)**

Discovery may reveal facts and actions by Plaintiff and/or Decedent that would bar the claims against Defendants under the doctrines of waiver, estoppel, unclean hands and/or other equitable grounds.

**<u>Ninth Affirmative Defense</u>**
**(Pre-Existing Condition)**

Discovery in this action may reveal that Plaintiff's or Decedent's alleged personal injuries and damages, if any, are proximately related to a pre-existing condition or injury for which Defendants are not responsible; therefore, Defendants hereby preserve the defense of pre-existing condition/injury in total or partial bar of Plaintiff's and Decedent's claims.

ELECTRONICALLY FILED - 2024 Nov 18 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

**Tenth Affirmative Defense**
**(Separate Trial for Punitive Damages Claim)**

Defendants hereby preserve their rights under South Carolina law to seek separate trials on Plaintiff's claims for compensatory and punitive damages.

**Eleventh Affirmative Defense**
**(Punitive Damages)**

Defendants reserve the right to challenge Plaintiff's claim for punitive damages, and any award thereof, to the extent any said claim and/or such award violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process clause of Article I § 3 of the South Carolina Constitution.

**Twelfth Affirmative Defense**
**(Statutory Cap on Punitive Damages)**

To the extent applicable, Defendants plead the defenses and statutory caps set forth in S.C. Code § 15-32-520 and S.C. Code § 15-32-530.

**Thirteenth Affirmative Defense**
**(Open and Obvious Condition)**

Discovery in this action may reveal that Plaintiff's or Decedent's injuries, if any, were caused by an open and obvious condition which she knew about or by the exercise of reasonable care should have known about. Defendants, therefore, preserve the defense of open and obvious condition as a bar to all claims against them.

**Fourteenth Affirmative Defense**
**(Lack of Proximate Cause)**

There is no causal connection/proximate cause between any alleged act or alleged omission on the part of Defendants and the alleged damages or injuries claimed by Plaintiff and/or Decedent.

**Fifteenth Affirmative Defense**
**(Rule 8, SCRCP)**

ELECTRONICALLY FILED - 2024 Nov 18 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

Defendants hereby raise and incorporate all mandatory defenses outlined in Rule 8, SCRCP, including but not limited to accord and satisfaction, and waiver and release, to the extent applicable.

**Sixteenth Affirmative Defense**
**(Lack of Notice)**

Pursuant to S.C. Code § 27-50-250(B), Defendants' lack of knowledge or notice of the allegedly defective condition constitutes an absolute bar to Plaintiff's and/or Decedent's claims.

**Seventeenth Affirmative Defense**
**(Natural Condition)**

To the extent Plaintiff's and/or Decedent's alleged damages and injuries were caused by conditions which constitute a natural condition, then no recovery may be had against Defendants.

**Eighteenth Affirmative Defense**
**(Rule 19, SCRCP)**

The allegations of the Plaintiff's Complaint may fail to join parties needed for just adjudication pursuant to Rule 19, SCRCP. The property / premises that is the subject of this suit has the potential to involve the liability of a number of entities, and the absence of some or all of those non-joined entities who were or may have been directly involved in the construction, sale, maintenance, and/or supervision of the property / premises and/or may have been involved in the subject incident and events underlying the subject incident may impair or impede all parties' ability to protect their interest or leave any of the parties already named subject to a substantial risk of incurring multiple or otherwise inconsistent obligations by reason of those parties' claimed interests. Defendants reserve the right to join any parties needed for just adjudication.

**RESERVATION AND NON-WAIVER**

Defendants hereby reserve and do not waive any additional or further defenses as may be revealed through additional information acquired in discovery or otherwise and hereby reserve the

ELECTRONICALLY FILED - 2024 Nov 18 4:52 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1004601

right to amend their Answer and Affirmative Defenses to Plaintiff's Complaint to include additional affirmative defenses as they become available.

WHEREFORE, having answered Plaintiff's Complaint, Defendants respectfully request the following relief from the Court:

1. That Plaintiff's Complaint, including all claims therein, be dismissed in its entirety with prejudice;

2. That Plaintiff have and recover nothing on her claims against Defendants;

3. That Defendants be granted jury trial on all legal causes of action;

4. That Defendants have and recover their attorneys' fees and costs incurred in this action if permitted under South Carolina law; and

5. That Defendants have such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 18th day of November, 2024.

**WOOD SMITH HENNING & BERMAN, LLP**

*/s/ George B. Smythe*
William W. Silverman (S.C. Bar No. 104460)
George B. Smythe (SC Bar No. 103025)
4000 S Faber Place Drive
Suite 300
Charleston, SC 29405
(843) 323-4369
wsilverman@wshblaw.com
gsmythe@wshblaw.com
*Counsel for Defendants VACASA South Carolina, LLC, Judith C. Powell, and Elizabeth Baugh*